DAVID G. HALM, ESQ., SBN: 179957
David.Halm@qpwblaw.com
**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
500 N. Brand Boulevard, Suite 1650
Glendale, California  91203

Telephone: 213.486.0048
Facsimile:  213.486.0049

*Attorneys for Thomas ("Kip") McKean*

# UNITED STATES DISTRICRT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE 1, an individual; and, JANE ROE 2, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL CHURCHES OF CHRIST, INC., a California Nonprofit Corporation; HOPE WORLDWIDE, LTD., a Delaware Nonprofit Corporation; THOMAS ("KIP") McKEAN, an individual; AL BAIRD, an individual; JOE GARMON, SR., an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:23-cv-00664-ODW-PLA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THOMAS ("KIP") MCKEAN'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b), FEDERAL RULES OF CIVIL PROCEDURE**<br><br>*Filed concurrently with Notice of Motion; [Proposed]Order*<br><br>Date: August 28, 2023<br>Time: 1:30 p.m.<br>Dept: 5D<br><br>Action filed: January 27, 2023<br>First Amended<br>Complaint filed: June 16, 2023 |

Defendant Thomas ("Kip") McKean ("Defendant"), through counsel, hereby submits his Motion to Dismiss pursuant to Rule 12(b), Federal Rules of Civil Procedure. This Motion is Supported by the attached Memorandum of Points and Authorities.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' First Amended Complaint (Doc. #52) ("FAC") asserts the following claims against Defendant: 1) First Claim: Sexual Assault; 2) Second Claim: Intentional Infliction of Emotional Distress; 3) Third Claim: Negligent Hiring, Supervision, and Retention; 4) Fourth Claim: Negligence; 5) Fifth Claim: Violation of Federal Racketeer Influenced and Corrupt Organization ("RICO") Act 18 U.S.C. § 1962(c);[1] 6) Sixth Claim: Sexual Battery in Violation of Cal. Civ. Code § 1708.5; and 7) Seventh Claim: Gender Violence in Violation of Cal. Civ. Code § 52.4.

Assuming Plaintiffs' factual allegations are true solely for the purposes of this Motion, Defendant is entitled to judgment as a matter of law pursuant to Rule 12(b)(1) and (6), Federal Rules of Civil Procedure, because none of Plaintiffs' claims state viable causes of action against Defendant and nothing that may be revealed in discovery can possibly remedy the legal deficiencies in any of their claims. Further, this court does not have subject matter jurisdiction because no federal law is at issue and the parties are not diverse. Finally, venue is improper as to Plaintiff Roe #2 because most of the acts alleged occurred in the States of Massachusetts and Washington and not in California.

## II. FACTUAL ALLEGATIONS RELEVANT TO DEFENDANT.

Plaintiff Jane Roe 1 alleges she is a resident of California and was a resident of California and an adult when the acts alleged occurred. Jane Roe 1 allege she led ministries for the ICOC and was forced to relocate homes 27 times. Jane Roe 1 also alleges that she was raped by a potential recruit, John Doe 1. Jane Roe 1 alleges she reported the rape to other members of the ICOC who did nothing, told her to forgive and move on. *See* FAC ¶¶ 6, 97- 120.

Plaintiff Jane Roe 2 alleges she is a resident of Colorado and her grooming began in Massachusetts, followed her to Washington, and ultimately culminated in California. Jane

---

[1] Plaintiffs' counsel stated at the in-person conference that he intends to dismiss this claim. Defendant will brief this issue as the dismissal has not been filed to date.

Roe 2 was an adult in Washington and California when the acts alleged occurred. Jane Roe 2 alleges she was subjected to knowledge of sexually inappropriate behavior of the Garman family while she lived with them and was a member of the ICOC. Jane Roe 2 further alleges that Defendant oversaw this behavior. *See* FAC ¶¶ 7, 121-147.

Defendant is a resident of California and a member of the International Church of Christ ("ICOC").[2] Plaintiffs allege that Defendant structured the ICOC hierarchy to ensure abuse would remain secret, facilitated a "discipler" hierarchy which created a culture of fear and allowed predators to abuse women and children, and concealed abuse of unnamed members of the ICOC, crafted a hierarchy that "lent itself to maintaining secrecy. Plaintiffs also allege that "it is commonly understood that [Defendant] was acutely aware of the physical, psychological, and sexual abuses that church leaders [like Chuck Lucas and others] wrought upon both children and adult parishioners of the church" and used vast resources to silence dissidents. Defendant encouraged physical abuse under the guise of "discipline." *See* FAC ¶¶ 33, 34, 40, 41, and 65.

### III. LAW AND ARGUMENT

#### A. This Court Does Not Have Subject Matter Jurisdiction.

Plaintiffs' assertion of federal subject matter jurisdiction stems from an alleged violation of Federal Racketeer Influenced and Corrupt Organization ("RICO") Act 18 U.S.C. § 1961 *et seq*, with state law allegations being alleged under supplemental jurisdiction. Subject matter jurisdiction is improper because it is predicated on alleged violations of the RICO and Plaintiffs have not alleged a legally cognizable RICO claim against Defendant. To state a valid RICO claim, a plaintiff must allege the following elements: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (predicate acts), and (5) causing injury to the plaintiff's business or property. *Sedima, S.P.R.L. v. Imrex Co., Inc*., 473 U.S. 479, 496 (1985). To establish a pattern of racketeering activity, plaintiffs must allege at least two predicate acts that "'are interrelated by distinguishing characteristics", and "amount to or pose a threat of continued criminal

---

[2] For the purposes of this Motion only, Defendant does not dispute the allegations in paragraph 10 of the First Amended Complaint (Doc. #52).

activity." *H.J. Inc. v. Northwestern Bell Telephone Company* 492 U.S. 229, 239-240 (1989). Plaintiffs have not sufficiently alleged a pattern of racketeering against Defendant. Despite the list of alleged criminal conduct in the FAC, the Complaint fails to provide sufficient facts to support the allegations against Defendant. The allegations relate to Defendant's emails to church elders regarding voluntary tithing and support for the concepts of support and forgiveness for sins are conclusory and generalized and do not relate to the alleged actions of the named Defendants. The Rules of Federal Civil Procedure require that claims be plead with specificity and they are not. Further, as set for the below, Plaintiffs' state law claims do not constitute RICO predicate crimes and are not viable.

Finally, the leading decision on RICO's statute of limitations issue is the United States Supreme Court decision, *Agency Holding Corp. v. Malley–Duff & Assocs.*, 483 U.S. 143, 156–157 (1987). *Agency* held that the applicable statute of limitations period for all RICO claims is four years and begins to run when the plaintiff knows or should know of the injury which is the basis of the action. *Id*. It appears the statute has run on all Plaintiffs' RICO claims based on the timeframes alleged in the FAC. Accordingly, Claim Five should be dismissed.

**B.     The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiffs' Remaining State Law Claims.**

Pursuant to 28 U.S.C. § 1367(c)(3), a district court has discretion to decline to exercise supplemental jurisdiction over remaining state law claims if all federal claims over which it has original jurisdiction have been dismissed. In such cases, the balance of factors under the pendent jurisdiction doctrine, including judicial economy, convenience, fairness, and comity, typically favors declining jurisdiction over the state law claims. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). If the Court dismisses Plaintiffs' RICO claims, no federal claims will remain over which the Court has original jurisdiction. With only state claims remaining, and with the case still in its earliest stages, "the interests of comity and fairness" support dismissal of the remainder of the Complaint.

### C. Venue is Improper in the Central District of California for Jane Roe #2.

Plaintiffs' assertion that venue is proper pursuant to 28 USC § 1391 because "substantial part of the events and omissions occurred in Central District of California is incorrect. *See* FAC ¶5. Plaintiff Jane Roe #2 lived in Massachusetts and Washington when most the alleged acts occurred and therefore, venue is improper in the Central District of California.

### D. Plaintiff's State-Law Claims Are Not Viable and Should be Dismissed.

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The facts alleged in the complaint, accepted as true, must "plausibly establish each element" of the plaintiff's claims. *Native Vill. Of Kivalina v. ExxonMobil Corp.*, 696 F.3d 849, 867 (9th Cir. 2012). Under the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b), a plaintiff alleging fraud must plead the elements of her claims "with particularity." Rule 9(b)'s heightened pleading standard applies to civil RICO fraud claims. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004). Rule 9(b)'s heightened pleading standard also applies to civil RICO fraud claims. *Id*.

#### 1. First Claim: Sexual Assault.

Plaintiffs allege battery under California Penal Code §243.4(a) which prohibits touching an intimate part of another person's body while one of the persons involved is restrained. Plaintiffs have not alleged that Defendant committed any act of sexual battery. Jane Roe #1 alleges she was raped by John Doe #1 and Jane Roe #2 does not allege any act of battery. Accordingly, Claim One should be dismissed.

#### 2. Second Claim: Intentional Infliction of Emotional Distress.

A cause of action for intentional infliction of emotional distress exists when there is "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate

causation of the emotional distress by the defendant's outrageous conduct." *Potter v. Firestone Tire & Rubber Co.,* 6 Cal.4th 965, 1001 (1993). A defendant's conduct is "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id*. The defendant's conduct must be "intended to inflict injury or engaged in with the realization that injury will result." *Hughes v. Pair,* 46 Cal.4th 1035, 1050-1051(2009).

Plaintiffs have not alleged any such facts against Defendant. Plaintiffs argue that Defendant's conduct was oppressive, malicious and despicable in that it was intentional with conscious disregard for the rights and safety of Plaintiffs, but have not alleged a single fact in support of this conclusory allegation. There are no facts to support extreme behavior or intend of Defendant. Accordingly, Claim Two should be dismissed.

**3.     Third Claim:  Negligent Hiring, Supervision, and Retention.**

These causes of action are duplicative, as they reflect substantive negligence causes of action. *Delfino v. Agilent Technologies, Inc*. 145 Cal.App.4th 790, 815(2006)  (liability for negligent supervision and/or retention of an employee is one of direct liability for negligence).  Additionally, negligence has a two-year statute of limitations, which has expired under the alleged facts. *See* California Code of Civil Procedure §§335, 335.1.  To state a negligent supervision or retention claim, the plaintiff must show that (1) the employer owed a legal duty to use due care, (2) the employer breached that duty, and (3) the breach proximately caused harm to the plaintiff. *Trujillo v. N. Cnty. Transit Dist*., 63 Cal. App. 4th 280, 286-87 (1998).

Further, the allegations of vicarious liability under a theory of *respondeat superior* require an employee "acting within the scope of his employment." *See Xue Lu v. Powell,* 621 F. 3d 944, 948 (9th Cir. 2010). Further, California law requires proof that the alleged crimes or torts foreseeably result of the conduct of the business or enterprise. *Id*.

Plaintiffs have not alleged that Defendant had a duty to supervise, hire and/or retain any of the named Defendants.  Further, plaintiffs have not alleged facts to support a breach of any alleged duty, that Defendants John Doe and Joe Garmon Sr. were acting within the

6

scope of their employment, and/or the conduct was foreseeable. Accordingly, Claim Three should be dismissed.

### 4. Fourth Claim: Negligence.

The elements of a negligence cause of action are (1) duty; (2) breach of duty; (3) causation; and (4) damages. *Koepke v. Loo*, 18 Cal. App. 4th 1444, 1448-49 (1993). As set forth above, Plaintiffs have not alleged that Defendant had any duty that was breached. Additionally, negligence has a two-year statute of limitations, which has expired under the alleged facts. *See* California Code of Civil Procedure §§335, 335.1. Accordingly, Claim Four should be dismissed.

### 5. Sixth Claim: Sexual Battery in Violation of Cal. Civ. Code § 1708.5.

The proof for a violation for this code requires: "A person commits a sexual battery who does any of the following:
> (1) Acts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results.
> (2) Acts with the intent to cause a harmful or offensive contact with another by use of the person's intimate part, and a sexually offensive contact with that person directly or indirectly results.
> (3) Acts to cause an imminent apprehension of the conduct described in paragraph (1) or (2), and a sexually offensive contact with that person directly or indirectly results.
> (4) Causes contact between a sexual organ, from which a condom has been removed, and the intimate part of another who did not verbally consent to the condom being removed.
> (5) Causes contact between an intimate part of the person and a sexual organ of another from which the person removed a condom without verbal consent.
> (b) A person who commits a sexual battery upon another is liable to that person for damages, including, but not limited to, general damages, special damages, and punitive damages.
> (c) The court in an action pursuant to this section may award equitable relief, including, but not limited to, an injunction, costs, and any other relief the court deems proper."

Plaintiffs argue that Defendant "aided and abetted" Defendants John Doe #1 and Joe Garmon Sr. because he knew or should have known of the sexual battery. Plaintiffs have not alleged facts to support that Defendant aided or abetted, concealed or knew or should

have known of the alleged acts of Defendants John Doe #1 and Joe Garmon Sr. Accordingly, Claim Six should be dismissed.

### 7. Seventh Claim: Gender Violence in Violation of Cal. Civ. Code § 52.4.

Proof of a violation of California Civil Code § 52.4 requires, "One or more acts that would constitute a criminal offense under state law that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction…a physical intrusion or physical invasion of a sexual nature under coercive conditions, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction." Further, section 52.4(e) bars civil liability against an employer.

Plaintiffs argue that Defendant conspired and /or "aided and abetted" Defendants John Doe #1 and Joe Garmon Sr. to create conditions of coercion and control that caused Plaintiffs to be subjected to the acts alleged. Plaintiffs have not alleged facts to support that Defendant aided or abetted, concealed or knew or should have known of the alleged acts of Defendants John Doe #1 and Joe Garmon Sr. Accordingly, Claim Seven should be dismissed.

## IV. CONCLUSION

Based on the foregoing, Defendant respectfully request that the Court grant his Motion to Dismiss, without leave to amend, and dismiss the Plaintiffs' FAC, with prejudice.

The undersigned, counsel of record for Defendant, certifies that this brief contains 2827 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 30, 2023                    QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

                                        By :*/s/ David G. Halm*
                                        David G. Halm, Esq.
                                        ATTORNEYS FOR DEFENDANT *THOMAS ("KIP") MCKEAN*

# PROOF OF SERVICE

I am a citizen of the United States. My business address is Quintairos, Prieto, Wood & Boyer PA, 500 N. Brand Boulevard, Suite 1650, Glendale, California 91203.  I am employed in the County of Los Angeles where this service occurs.  I am over the age of 18 years, and not a party to the within cause.

On the date set forth below, according to ordinary business practice, I served the foregoing document entitled:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT  THOMAS ("KIP") MCKEAN'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b), FEDERAL RULES OF CIVIL PROCEDURE**

☒ (BY CM/ECF)  I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants (if any) indicated on the Manual Notice list.

Bobby Samini
Michael Katz
Steve Baric
John S. Oney, IV
SAMINI BARIC KATZ, LLP
650 Town Center Drive, Suite 1500
Costa Mesa, CA  92626
Bobby.samini@sbklawyers.com
Michael.katz@sbklawyers.com
Steve.baric@sbklawyers.com
John.oney@sbklawyers.com
*Attorneys for Plaintiffs Darleen Diaz, Bernice Perez, Desiree Perez, Jane Roe 8 and Ashley Ruiz*

☒ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 30, 2023, at Glendale, California.

*/s/ Mary Youngblood*
Mary Youngblood

9